1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14

JAMES DALTON BELL,

Petitioner,

v.

UNITED STATES OF AMERICA, *et al*,

Respondents.

Case No.  C07-5680 RBL/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**August 1, 2008**

15
16
17

        This habeas corpus action, purportedly filed pursuant to 28 U. S.C. 2241, has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local MJR 3 and 4.

18
19
20
21
22
23

        Mr. Bell is an inmate at the US Penitentiary in Tucson, Arizona.  He has filed a proposed petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, but failed to pay the $5.00 court filing fee or an application to proceed *in forma pauperis* despite being advised of the necessity to do so.  (Dkt. # 4).  In addition, it appears that Mr. Bell is challenging the legality of his sentence, rather than the execution of his sentence under § 2241, and that such claim is time-barred.  For these reasons, the undersigned recommends that this action be dismissed.

24

**I. DISCUSSION**

25
26
27

        The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the Court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson*, 314

28

REPORT AND RECOMMENDATION
Page - 1

F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

On December 10, 2007, the Court Clerk advised Mr. Bell that he was required to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*.  Mr. Bell was advised to do so by January 9, 2008.  (Dkt. # 3).   Mr. Bell did not respond.  On April 15, 2008, the court issued an Order to Show Cause, advising Mr. Bell that if he did not pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* on or before May 16, 2008, a recommendation would be made to dismiss his case.  (Dkt. # 4).  Mr. Bell has not responded to the court's order, although he was given ample opportunity to do so.

In addition, although Mr. Bell purports to bring his habeas petition pursuant to § 2241, a fair reading of his petition reveals that Mr. Bell is not challenging the execution of his sentence pursuant to that statute, but is instead attempting to challenge the legality of his sentence.  Mr. Bell argues that his conviction was based on invalid statutes and therefore, the federal district court lacked jurisdiction to enforce them.  (See, e.g., Dkt. # 1, p. 11-13).  However, Mr. Bell does not assert that § 2255 is inadequate or that he wants his claim treated as a § 2255 motion.  Moreover, even if the court recharacterized Mr. Bell's claim as a § 2255 motion, it would be time-barred as Mr. Bell's conviction became final on March 28, 2003 and he filed his proposed habeas corpus petition on December 4, 2007[1].  (Dkt. # 1).   See 28 U.S.C. § 2255(1).

Accordingly, the undersigned recommends that Mr. Bell's proposed petition be denied and that this action be dismissed.

---

[1]A similar attempt by Mr. Bell to circumvent § 2255's one-year limitation was unsuccessful. See, e.g. C06-5148FDB.

REPORT AND RECOMMENDATION
Page - 2

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 1, 2008**, as noted in the caption.

Dated this  8th   day of July, 2008.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3